LITTLER MENDELSON
A Professional Corporation
One Newark Center - Eighth Floor
Newark, New Jersey 07102.5311
973.848.4700
Attorneys for Defendants
 *Haig Service Corp., Richard D. Haig, Jr.,*
 *Christopher Bernard and James O'Neal*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE OF NEW JERSEY ex rel. LUIS SANTIAGO, SR., LUIS SANTIAGO, JR., JOHN PECK and JOHN HONSBERGER, SR.; LUIS SANTIAGO, JR. (individually); and JOHN HONSBERGER, SR. (individually),<br><br>Plaintiffs,<br><br>vs.<br><br>HAIG'S SERVICE CORPORATION (a New Jersey Corporation) d/b/a HAIG SERVICE CORPORATION; RICHARD D. HAIG, JR.; CHRISTOPHER BERNARD; and JAMES O'NEAL,<br><br>Defendants. | Civil Action No. [TBA]<br><br>**VIA ECF**<br><br>**NOTICE OF REMOVAL** |

**TO:** **The Clerk and The Honorable Judges
of The United States District Court
for The District of New Jersey**

Defendant James O'Neal ("O'Neal") hereby files this Notice of Removal of the above-captioned action with the United States District Court for the District of New Jersey, from the Superior Court of New Jersey, Law Division, Hudson County, where the action is now pending, as provided by Title 28, United States Code, Chapter 89 and in support thereof alleges:

## PLEADINGS AND PROCEDURAL HISTORY

1. Plaintiffs/Relators, Luis Santiago, Sr. ("Santiago, Sr."), Luis Santiago, Jr. ("Santiago, Jr."), John Peck ("Peck) and John Honsberger, Sr. ("Honsberger") (collectively, "Plaintiffs/Relators"), commenced this action on September 28, 2011, by filing a Complaint under seal in the Superior Court of New Jersey, Law Division, Hudson County ("State Court"), captioned *State of New Jersey ex rel., et al. vs. Haig's Service Corp., et al.*, and bearing Docket No. HUD-L-4958-11 (the "State Court Action"). The State Court Action is now pending in that court. (Attached hereto at **Exhibit A** is a copy of Plaintiffs/Relators' Complaint).

2. The State Court Action arises out of Plaintiffs/Relators employment with Haig Service Corporation ("Haig"), wherein Plaintiffs/Relators allege, *inter alia*, that Haig, Richard D. Haig, Jr. ("Haig, Jr.") and Christopher Bernard ("Bernard") (collectively, "the original defendants") violated the New Jersey False Claims Act ("NJFCA") by falsely certifying the payment of prevailing wages. Santiago, Jr. and Honsberger also allege the failure to pay overtime and prevailing wages in violation of New Jersey's Wage and Hour Laws, New Jersey's Prevailing Wage Act ("NJPWA") and the Fair Labor Standards Act ("FLSA"). Plaintiff's Complaint makes a jury demand.

3. On January 31, 2012, the State Court ordered the seal lifted, permitting Plaintiffs/Relators to serve the original defendants.

4. Plaintiffs/Relators served the original defendants with the Complaint on or about February 7, 2012.

5. On March 5, 2012, the original defendants filed their Answer to the Complaint.

6. On April 18, 2012, Plaintiffs/Relators filed an Order to Show Cause requesting relief from the State Court for purported acts of retaliation against Santiago, Jr. and Honsberger.

7. On April 20, 2012, the Honorable Peter F. Bariso, P.J.S.C., denied Plaintiffs/Relators' Order to Show Cause.

8. On April 23, 2012, following a case management conference, the State Court filed Case Management Order No. 1.

9. On May 9, 2012, Plaintiffs/Relators moved to amend their Complaint to include, *inter alia*, the following:

   (a) all of the claims asserted in their original complaint against the original defendants, as well as all but one of the original claims against the newly-added individual defendant, James O'Neal ("O'Neal");

   (b) the retaliation claims of Santiago, Jr. and Honsberger against the original defendants and O'Neal under the FLSA, the NJFCA, the NJPWA, the New Jersey Wage Payment Law ("NJWPL"), and the New Jersey Conscientious Employee Protection Act ("CEPA"); and

   (c) the individual claims of Santiago, Sr. and Peck.

10. On May 17, 2012, the original defendants filed papers in opposition to Plaintiffs/Relators' Motion to Amend the Complaint.

11. By Order dated June 7, 2012, the State Court granted in part and denied in part Plaintiffs/Relators' Motion to Amend, thereby allowing Plaintiffs/Relators to amend the Complaint. The State Court denied that part of Plaintiffs/Relators' Motion to Amend that sought to include the individual claims of Santiago, Sr. and Peck.

12. On June 18, 2012, Plaintiffs/Relators filed their Amended Complaint.

13. On June 21, 2012, Plaintiffs/Relators filed a Notice of Motion for Leave to File an Interlocutory Appeal of that part of the State Court's Order denying their Motion to Amend.

14. By letter dated June 24, 2012, the undersigned counsel accepted service of the Amended Complaint on behalf of the original defendants, but not O'Neal, as she did not represent O'Neal and did not have authority to accept service on his behalf at that time.

15. On July 9, 2012, following a second case management conference, the State Court filed Case Management Order No. 2.

16. Plaintiffs/Relators served O'Neal with a copy of the Summons and Amended Complaint on or about July 12, 2012.

17. On July 20, 2012, the Appellate Division of the New Jersey Superior Court filed an Order denying Plaintiffs/Relators' Motion for Leave to File an Interlocutory Appeal.

18. As of the date of this Notice of Removal, no other parties have been named or served with the Summons and Amended Complaint in this action.

## TIMELINESS OF REMOVAL

19. This Notice of Removal is timely filed within thirty (30) days after O'Neal's, the last-served defendant, receipt of the Summons and Amended Complaint in the State Court Action under 28 U.S.C. § 1446(b). *See Delalla v. Hanover Ins.*, Nos. 10-3933 & 11-1532, 2011 U.S. App. LEXIS 20651 (3d Cir. Oct. 12, 2011) (holding that, under 28 U.S.C. § 1446(b), each defendant in a multiple-defendant case has a 30-day period within which to remove to federal court a lawsuit filed in state court).

## GROUNDS FOR REMOVAL

20. The State Court Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 (federal question) and is one which may be removed to this Court by O'Neal pursuant to the provisions of 28 U.S.C. § 1441(b) in that it arises under federal law and Plaintiffs/Relators' Amended Complaint presents federal questions.

21. More specifically, Plaintiffs/Relators have alleged violations of a federal statute, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, against O'Neal, as well as various claims under New Jersey state law. (**Exhibit A**).

22. Accordingly, this action is removable, without regard to the citizenship or residence of the parties, pursuant to 28 U.S.C. §§ 1331 and 1441(b) ("Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the laws of the United States shall be removable without regard to the citizenship or residence of the parties.").

23. In addition, the Court has supplemental jurisdiction over all state claims that are so related to claims in the action within its original jurisdiction that they form part of the same controversy, pursuant to 28 U.S.C. § 1367(a).

24. This Notice of Removal has been signed by counsel for Defendants, in compliance with the requirements of 28 U.S.C. §1446(a) and Rule 11 of the Federal Rules of Civil Procedure.

25. To the extent this Court lacks original jurisdiction over any alleged cause of action, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

26. This Notice of Removal is being filed in the United States District Court for the District of New Jersey, the district court of the United States for the district and division within which the State Court action is pending, as required by 28 U.S.C. §§1441(a) and 1446(a).

27. If the Court should be inclined to remand this action, Defendant O'Neal requests that the Court issue an Order to Show Cause why the case should not be remanded, providing Defendant O'Neal an opportunity to present briefing and argument prior to any possible review. Because a remand order is not subject to appellate review, such a procedure is appropriate.

## STATE-COURT PLEADINGS ATTACHED

28. Attached hereto as **Exhibit A** are true and correct copies of the aforementioned Pleadings filed in the State Court Action, pursuant to 28 U.S.C. § 1446(a).

29. Upon filing of the Notice of Removal, O'Neal gave written notice thereof to the Clerk, Superior Court of New Jersey, Law Division, Hudson County, pursuant to 28 U.S.C. §1446(d). Attached hereto as **Exhibit B** is a copy of the Notice to Clerk of Superior Court of Filing of Notice of Removal.

30. Upon filing of the Notice of Removal, O'Neal also gave written notice thereof to Plaintiffs/Relators' counsel Henry F. Furst, Esq. and Joshua Lurie, Esq. Law Office of Henry F. Furst, as well as Deputy Attorney General Lorena L. Salzmann, pursuant to 28 U.S.C. § 1446(a). Attached hereto as **Exhibit C** is a copy of the Notice to Adverse Party of Filing of Notice of Removal.

31. By filing this Notice of Removal, O'Neal does not waive any defenses available at law, in equity or otherwise.

**WHEREFORE**, Defendant O'Neal, with the consent of the original defendants, respectfully requests that this action proceed in this Court as an action properly removed to it.

Respectfully submitted,

**LITTLER MENDELSON, P.C.**
Attorneys for Defendants
*Haig Service Corp., Richard D. Haig, Jr., Christopher Bernard and James O'Neal*

By: /s/ *Eboneé Hamilton Lewis*
Eboneé Hamilton Lewis

Dated: July 31, 2012

Firmwide:113482149.1 060197.1001