UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE OF NEW JERSEY *ex rel.* LUIS SANTIAGO, SR., et al.,<br><br>**Plaintiffs,**<br><br>v.<br><br>HAIG'S SERVICE CORPORATION, et al.,<br><br>**Defendants.** | Civ. No. 12-4797 (WJM)<br><br>OPINION |

### WILLIAM J. MARTINI, U.S.D.J.:

This matter comes before the Court on Plaintiffs' motion for reconsideration of this Court's August 24, 2016 Opinion and Order. For the reasons explained below, the Court will **DENY** Plaintiffs' motion.

The Court writes for the benefit of the parties and assumes the parties' familiarity with the underlying facts, as previously set forth by the Court in its August 2016 Opinion. ECF No. 98. Plaintiffs, former employees of Defendants, brought this employment compensation action against Defendants raising, *inter alia*, claims under the New Jersey False Claims Act ("NJFCA"). Defendants moved for summary judgment on all counts of Plaintiffs' Complaint, including the FCA claims. ECF No. 79. Plaintiffs cross-moved for partial summary judgment on several counts of their Complaint. ECF No. 80. In its August 2016 Opinion, this Court granted summary judgment in favor of Defendants as to Plaintiffs' FAC claims. ECF No. 90

Plaintiffs now move for reconsideration of this Court's August 2016 Opinion on a single ground: they argue that the Court erred by granting Defendants' motion for summary judgment on Plaintiffs' FCA claims on a ground not argued by Defendants, without giving Plaintiffs advance notice that it would be doing so. ECF No. 100. Plaintiffs claim that this ruling created manifest injustice because it prevented Plaintiffs from presenting all of their proofs at trial on their FCA claims. *Id.*

A court may grant a motion for reconsideration only if (1) there has been an intervening change in the controlling law; (2) new evidence has become available since the court granted the subject motion; or (3) it is necessary to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café by Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Manifest injustice pertains to situations where a court

overlooks some dispositive factual or legal matter that was presented to it. *See In re Rose*, No. 06–1818, 2007 WL 2533894, at *3 (D.N.J. Aug. 30, 2007).

Reconsideration is not warranted. As a preliminary matter, Plaintiffs were put on notice that this Court would decide whether their FCA claims could survive as a matter of law when Defendants moved for summary judgment on these claims. Once a party moves for summary judgment, it is the non-moving party's burden to demonstrate beyond a "mere scintilla" of evidence that a genuine issue of material fact exists as to that claim, regardless of the specific legal theories presented by the moving party. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992). Moreover, in response to the Court's request to clarify the relief Plaintiffs sought in their motion for partial summary judgment, Plaintiffs stated, *inter alia*, that they were "entitled to partial summary judgment since, as a matter of law[,] Defendants violated the New Jersey False Claims Act . . . ." ECF No. 93. Plaintiffs were plainly aware that they were to present all proofs in support of their FCA claims at the summary judgment stage.

Furthermore, as the Court noted in its August 2016 Opinion, an FCA claim can proceed on an express false certification theory or an implied false certification theory. Plaintiffs now argue that they did not fully develop their FCA claims under an express false certification theory because Defendants focused on Plaintiffs' inability to satisfy the implied false certification requirements. To the contrary, in their motion for summary judgment, Defendants argued that Plaintiffs' FCA claims could not survive under *any* theory. But even if Defendants had only argued that Plaintiffs' FCA claims failed under the implied theory, Plaintiffs were nonetheless tasked with showing that the FCA claims were viable as a matter of law – under either an express or implied theory. As the party opposing summary judgment, it was Plaintiffs' burden – and not Defendants', or the Court's, burden – to fully develop their legal arguments. If Plaintiffs sought to maintain their FCA claims under a theory of express liability, they had ample opportunity to do so at the summary judgment stage, and are not free to relitigate that theory now. *See Denger v. Merret*, No. 08-CV-03454, 2011 WL 5825971, at *4 (D.N.J. Nov. 16, 2011) ("New arguments that could have been raised in [a party's] original motion are inappropriate grounds for reconsideration."); *Guinta v. Accenture, LLP*, No. 08-cv-3776, 2009 WL 301920, at *6 (D.N.J. Jan. 23, 2009) ("The purpose of a motion for reconsideration is . . . . not to endlessly relitigate issues that have already been decided by allowing the parties to set forth arguments they previously chose to withhold.").

Accordingly, Plaintiffs' motion for reconsideration is **DENIED**. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: November 22, 2016**